UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 06-14181

v.                                             Honorable John Corbett O'Meara

EIGHT THOUSAND TWO HUNDRED
DOLLARS ($8,200.00) IN U.S. CURRENCY,

    Defendant.
_____/

## ORDER DENYING FRANKLIN THOMPSON'S MOTIONS

This matter came before the court on Franklin Delano Thompson's July 23 and 24, 2008 MOTION[1] TO RECALL ANY AND ALL MOTION(S) ORDERING TO STRIKE COMPLAINT(S), CLAIM(S), ANSWER(S), AND FOR ENTRY OF DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE AGAINST CLAMANT [sic] FRANKLIN D. THOMPSON, AND EIGHT THOUSAND TWO HUNDRED DOLLARS ($8,200.00) IN U.S. CURRENCY. The government filed a response August 4, 2008. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

## BACKGROUND FACTS

The government filed this action September 22, 2006, by filing a Complaint for Forfeiture, alleging that the defendant currency constituted narcotics proceeds under 21 U.S.C. § 881(a)(6). Franklin Delano Thompson filed a Verified Claim of Interest in the defendant currency and an answer to the complaint *pro se*.

---

[1] Duplicate motions were filed by claimant Thompson on consecutive days; they are identical.

Claimant Thompson filed a motion for discovery and a witness list March 30, 2007. The government served him with Plaintiff's Response to Claimant's Motion for Discovery via Overnight First Class U.S. Mail. A tracking receipt showed that the package was delivered to 302 West Woodbury Road, Altadena, California, on May 1, 2007.

The government sent Claimant its First Set of Interrogatories, Request for Admissions, and Request for Production of Documents on June 7, 2007, via regular U.S. Mail to the same Altadena, California address. Responses to the discovery requests were due July 12, 2007. The government did not receive the discovery requests back as undeliverable or unclaimed.

On July 20, 2007, the government filed and served a motion to compel discovery, which was sent via certified mail to the Altadena address. It, too, was not returned as undeliverable or unclaimed.

On September 5, 2007, the government filed and served its Motion to Strike Answer to Complaint and Claim Filed by Franklin Delano Thompson and for Entry of Default Judgment and Final Order of Forfeiture via regular and certified mail to the Altadena address. The certified copy was returned "unclaimed," and the regular mail copy was sent back "return to sender."

This court issued an Order Striking the Claim and Answer of Franklin Delano Thompson and for Entry of Default Judgment and Final Order of Forfeiture on October 31, 2007. The government served a copy on claimant Thompson, sending it by both certified and regular U.S. Mail. The government received the copy sent via regular mail back as "return to sender." However, the government received a return receipt card signed by "Jonathan Thompson," indicating that someone received the correspondence on behalf of claimant Thompson by certified mail.

Claimant filed this motion to "recall" the court's entry of default judgment and order of forfeiture nine months after the order was entered, alleging that he had not been notified of the order.

## LAW AND ANALYSIS

Pursuant to Rule G(4)(b)(iii)(E) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, "Notice to a person from whom the property was seized who is not incarcerated when notice is sent may be sent to the last address that person gave to the agency that seized the property."

In this case claimant Thompson was served with notice of the civil forfeiture complaint via certified and regular mail at the address he provided to the Drug Enforcement Agency as the time of the seizure, which was the Altadena, California address. He received that notice because he filed a claim and answer on October 19, 2006. Throughout the civil forfeiture proceedings, claimant Thompson acknowledged service and demonstrated that he was informed of the judicial process-- even participating in a scheduling conference with the court by phone on January 22, 2007.

The United States Supreme Court has held that a "reasonableness under the circumstances" test is to be applied in deciding due process claims. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). The Court has since applied that test to forfeiture cases in Dusenbery v. United States, 534 U.S. 161 (2002). This court has found that "there will always be something more that could have been done to effect actual notice. The Constitution does not require such heroic efforts by the Government; it requires only that the Government's effort be reasonably calculated to apprise a party of the pendency of the action." Karkoukli's Inc. v. Dohany, 409 F.3d 279, 285 (E.D. Mich. 2005).

3

In this case the government made reasonable efforts under the circumstances to notify claimant Thompson of the civil forfeiture proceedings. In addition, by virtue of someone named "Jonathan Thompson" having accepted service of the order at issue via certified mail on behalf of claimant Thompson, Claimant's receipt of the order is presumed.

## **ORDER**

It is hereby **ORDERED** that claimant Franklin Delano Thompson's motions are **DENIED.**

 s/John Corbett O'Meara
 United States District Judge

Date: February 17, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 17, 2009, by electronic and/or ordinary mail.

 s/William Barkholz
 Case Manager